# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| U.S. POSTAL SERVICE<br>FEDERAL CREDIT UNION<br><br>               Plaintiff,<br><br>    v.<br><br>VERONICA L. EDWIN, LINK A. EDWIN,<br>GOVERNMENT OF THE VIRGIN ISLANDS,<br>and THE UNITED STATES OF AMERICA,<br><br>               Defendants. | 1:16-CV-00071 |

**Attorneys:**
**Warren B. Cole, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Yohana M. Manning, Esq.**
St. Croix, U.S.V.I.
    *For Defendants Veronica and Link Edwin*

**Erika M. Scott, Esq.**
St. Croix, U.S.V.I.
    *For the Government of the Virgin Islands*

**Angela Tyson-Floyd, Esq., AUSA**
St. Croix, U.S.V.I.
    *For the United States of America*

## MEMORANDUM OPINION

**Cannon, Magistrate Judge**

      THIS MATTER comes before the Court on the "Motion for Summary Judgment" filed by Plaintiff U.S. Postal Service Federal Credit Union against Defendants Veronica L. Edwin and Link A. Edwin ("the Edwins"). (ECF No. 15). For the reasons discussed below, the Court will grant U.S. Postal Service Federal Credit Union's Motion for Summary Judgment.

# I. BACKGROUND

On October 5, 2016, the U.S. Postal Service Federal Credit Union filed a Complaint in Superior Court, SX-16-CV-609, against Defendants, the Edwins, alleging causes of action for debt and foreclosure of real property mortgage. (ECF No. 1-2). The Complaint names the Government of the Virgin Islands and the United States of America as defendants because each, individually, claims interest in the subject property by virtue of tax liens. On October 25, 2016 the Complaint was removed to the United States District Court. (ECF No. 1)

In its Complaint, U.S. Postal Service Federal Credit Union asserts that the Edwins defaulted on a promissory note and a mortgage regarding certain property (the "Property") described as:

> Plot No. 44 (approximately 0.500 U.S. acre, more or less) Estate Montpellier, Queen Quarter, St. Croix, U.S. Virgin Islands, as more particularly shown on OLG Drawing No. 4936 dated August 2, 1994.

Amended Complaint (ECF No. 1-2) ¶ 6. The Complaint alleges that, on June 20, 2007, the Edwins executed and delivered to U.S. Postal Service Federal Credit Union a promissory note (the "Note"), obligating themselves to pay the principal amount of $190,000.00, together with interest at a rate of 7.49% per annum. *Id.* ¶ 5. To secure payment on the Note, the Edwins granted to U.S. Postal Service Federal Credit Union a mortgage over the Property, dated June 20, 2007 (the "Mortgage"), which provided that the Edwins would pay to U.S. Postal Service Federal Credit Union the payments due under the Note. *Id.* ¶ 6.

The Complaint further alleges that, on or about April 1, 2016, the Edwins defaulted under the terms and conditions of the Note and Mortgage in that monthly installments of principal and interest became due and were not paid; that U.S. Postal Service Federal Credit

Union gave notice of default to the Edwins by correspondence dated August 24, 2016, advising them that failure to cure the default would result in acceleration of the debt and foreclosure of the mortgage lien; and that, as of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 7-8.

As to the debt cause of action, the Complaint provides that the Edwins owed U.S. Postal Service Federal Credit Union the sum of $66,460.42 in unpaid principal balance, plus accrued interest from April 1, 2016 to September 27, 2016 in the amount of $568.28, for a total amount due of $67,028.70 which continued to accrue at the rate of $13.64 per diem. *Id.* ¶ 8. U.S. Postal Service Federal Credit Union further asserts that it is entitled to be reimbursed for costs and expenses permitted by the Note and Mortgage as they accrue prior to judgment. *Id.* ¶ 8.

With regard to the foreclosure cause of action, the Complaint provides that U.S. Postal Service Federal Credit Union possesses the Note and holds the Mortgage, allowing it to maintain the foreclosure action; that the Edwins are in default under the terms and conditions of the Note and Mortgage; that the claims and liens of the Government of the Virgin Islands and the United States of America are subordinate to the claims of U.S. Postal Service Federal Credit Union; and that U.S. Postal Service Federal Credit Union is entitled to foreclose its lien on the Property, sell the Property to satisfy the Note, and recover any deficiency from the Edwins. *Id.* ¶¶ 7-8, 11-12.

The United States of America answered the Complaint on November 2, 2016, the Edwins answered on November 14, 2016, and the Government of the Virgin Islands answered on December 6, 2016. (ECF Nos. 3-4, 8). A Scheduling Order was docketed on

January 20, 2017 and the parties were ordered to complete Mediation on or before June 1, 2017. (ECF No. 11).

On June 2, 2017, U.S. Postal Service Federal Credit Union filed the instant Motion for Summary Judgment (the "Motion") (ECF No. 15), along with a Statement of Material Facts Not in Dispute (ECF No. 15-1), a Declaration of U.S. Postal Service Federal Credit Union in Support of Motion for Summary Judgment, (ECF No. 15-2), and a Declaration of Counsel in Support of Motion for Summary Judgment (ECF No. 15-3). In this Motion, U.S. Postal Service Federal Credit Union seeks summary judgment for debt against the Edwins for the entire amount due under the Note, plus expenses, interest, and attorney's fees, and foreclosure of the interests of all named defendants with respect to the real property.

In its Statement of Material Facts, U.S. Postal Service Federal Credit Union states that it has provided evidence of an agreement between the Credit Union and the Edwins in which, in 2007, U.S. Postal Service Federal Credit Union executed a promissory note in the face amount of $190,000.00 in exchange for the Edwins agreeing to repay the loan at 7.49% interest. The Edwins secured repayment by mortgaging the Property. (ECF No. 15-1 ¶1-3). The U.S. Postal Service Federal Credit Union states that it has also shown that the Edwins are in default by failing to make payments due under the governing loan documents, and that the U.S. Postal Service Federal Credit Union may demand payment, accelerate the loan, and institute foreclosure proceedings. *Id.* ¶4-5. In addition, Plaintiff states that governing loan documents establish that it is entitled to reimbursement for amounts incurred in asserting the remedies provided for. *Id.* ¶5. Further, the U.S. Postal Service Federal Credit Union states that the Government of the Virgin Islands and the United States of America are

joined as defendants because each claims interest in the real property by virtue of tax liens. *Id.* ¶6-7.

In a Declaration, signed May 31, 2017, Stacey Sawyers-Chambers, Financial Counselor and Loss Mitigation Specialist for U.S. Postal Service Federal Credit Union, stated that she reviewed U.S. Postal Service Federal Credit Union's books and records; that U.S. Postal Service Federal Credit Union gave notice of default to the Edwins by letter dated August 24, 2016; that, despite that demand, Defendants had failed to pay the amounts due under the governing loan documents; and that, as of May 1, 2017, the amount due and owing was: $66,460.42 in principal and $3,514.10 in interest, with interest continuing to accrue at $13.64 per diem. (ECF No. 15-2, ¶¶ 1, 3, 7, 8). Attached to the Declaration are copies of the promissory note, mortgage, notice of default, and loan payment history.

In support of the Motion, Plaintiff filed a Declaration of Counsel, in which Warren B. Cole, Esq. averred that his office conducted an electronic search of the public records for the subject property (Plot 44 Estate Montpellier) and that tax liens have been recorded against the property by the Government of the Virgin Islands and the United States of America. (ECF No. 15-3 ¶¶ 2-4). He states further that said liens are subsequent in time and priority to the mortgage held by the Plaintiff. *Id.* ¶ 5.

On August 8, 2017, the United States of America filed a response to the Motion asking the court to determine the priority of liens and stating that upon documentary evidence, the United States believes it holds a third priority lien on the subject property. (ECF No. 18). The Edwins have not filed a response to the Motion. The Government of the Virgin Islands has not filed a response to the Motion. On September 18, 2017 a status

conference was held, at which Attorney Manning stated that the Edwins did not plan to file a response. Minutes of Proceeding (ECF No. 21) ¶ 4. On December 27, 2017, Plaintiff filed a Request for Ruling on the June 2, 2017 Motion for Summary Judgment (ECF No. 15).

On January 31, 2018, Plaintiff submitted a Supplemental Declaration of Stacey Sawyers-Chambers in Support of Motion for Summary Judgment declaring that since her declaration of May 31, 2017: on November 28, 2017, the principal component of the debt was increased by payment of $769.78 in forced placement mortgage casualty insurance premiums; and that as of January 31, 2018, the amount due and owing was $67,230.20 in principal and $7,274.67 in interest, with interest continuing to accrue at $13.79 per diem. (ECF No. 26-1) ¶¶ 3, 4.

## II. APPLICABLE LEGAL PRINCIPLES

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Goldenstein v. Repossessors Inc.,* 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir.

1991) (internal quotation marks omitted; alteration in original)); *see also* Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, "[a]ll facts are viewed in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (quoting *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1993) (internal quotation marks omitted)).

The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Santini v. Fuentes,* 795 F.3d 410, 420 (3d Cir. 2015) (citations omitted).

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *U.S. Postal Service Federal Credit Union Bank, FSB v. Lyles*, 2017 WL 987448, at *3 (D.V.I. March 14, 2017) (internal quotation marks and citations omitted). To succeed on a debt and foreclosure action, the plaintiff

must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Id.* (internal quotation marks and citations omitted); *see also Anthony v. FirstBank Virgin Islands,* 2013 WL 211707, at *5, 58 V.I. 224 (V.I. 2013) (quoting *Thompson v. Florida Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)); Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### III. ANALYSIS

Notwithstanding that the Edwins elected not to respond to U.S. Postal Service Federal Credit Unions' Motion for Summary Judgment, the Court may not simply grant U.S. Postal Service Federal Credit Unions' Motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

U.S. Postal Service Federal Credit Union has satisfied all of the requirements necessary to obtain summary judgment against the Edwins. First, U.S. Postal Service Federal Credit Union has shown that the Edwins executed the Note and Mortgage on June

20, 2007. *See* Amended Complaint (ECF No. 1-2) and Sawyers-Chambers Declaration (ECF No. 15-2) Exhibits A and B.

Second, U.S. Postal Service Federal Credit Union has shown that the Edwins are in default by failing to make payments due under the Note and Mortgage, providing a copy of the letter of default it sent to the Edwins and a copy of the loan payment history. *See* Complaint (ECF No. 1-2) and Sawyers-Chambers Declaration (ECF No. 15-2) Exhibits C and D.

Third, it is uncontroverted that U.S. Postal Service Federal Credit Union is authorized to foreclose on the Property. The 2007 Mortgage provides that "[i]f the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument. . . and may foreclose this Security Instrument by judicial proceeding." Complaint (ECF No. 1-2) Exhibit B ¶ 21.

U.S. Postal Service Federal Credit Union has also demonstrated that it has been damaged in the following amounts as of January 31, 2018: the amount due and owing was: $67,230.20 in principal and $7,274.67 in interest, with interest continuing to accrue at $13.79 per diem. (ECF No. 26-1, ¶¶ 3, 4).

Finally, U.S. Postal Service Federal Credit Union has demonstrated that the tax liens recorded by the Government for the Virgin Islands and the United States of America are subsequent in time and priority to the subject Mortgage. Cole Declaration (ECF No. 15-3) Exhibits A and B.

The Court finds that this evidence is sufficient to shift the burden to Defendants to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in [Defendants'] favor" regarding U.S. Postal Service Federal Credit Union's debt and foreclosure causes of action. *Hart v. Electronic Arts,* 717 F.3d 141, 148 (3d Cir. 2013) (quoting *Azur v. Chase Bank*, 601 F.3d 212, 216 (3d Cir. 2010).

Defendants the Edwins and the Government of the Virgin Islands have not responded to Plaintiff's Motion. The United States responded to Plaintiff's Motion, did not object, and asked for the Court to determine the priority of the liens against the subject property.

Accordingly, the Court will grant U.S. Postal Service Federal Credit Union's Motion for Summary Judgment.

**CONCLUSION**

U.S. Postal Service Federal Credit Union has satisfied the requirements necessary for entry of summary judgment against Veronica L. Edwin and Link A. Edwin. Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 15) will be granted.

An appropriate Judgment and Order accompanies this Memorandum Opinion.


Date: January 31, 2018                    _____/s/_____
                                          GEORGE W. CANNON, JR.
                                          Magistrate Judge