| | |
|---|---|
| **U.S. POSTAL SERVICE**<br>**FEDERAL CREDIT UNION**<br><br>      Plaintiff,<br><br>  v.<br><br>**VERONICA L. EDWIN, LINK A. EDWIN,**<br>**GOVERNMENT OF THE VIRGIN ISLANDS,**<br>**and THE UNITED STATES OF AMERICA,**<br><br>      Defendants.<br>_____ | 1:16-cv-00071 |

**Attorneys:**
  Warren B. Cole, Esq.
  Yohana M. Manning, Esq.
  Erika M. Scott, Esq.
  Angela Tyson-Floyd, Esq., AUSA

### MEMORANDUM OPINION

**Cannon, Magistrate Judge**

THIS MATTER is before the Court on Plaintiff's Motion for Award of Costs and Fees filed on February 1, 2018, by U.S. Postal Service Federal Credit Union. (ECF No. 30). U.S. Postal Service Federal Credit Union seeks $9,252.50 in attorney fees and $315.00 in taxable costs, totaling $9,567.50. For the reasons that follow, the Court will grant in part and deny in part the Credit Union's request for attorney fees and costs.

**I.  PROCEDURAL BACKGROUND**

On October 5, 2016, the U.S. Postal Service Federal Credit Union filed a Complaint in Superior Court, SX-16-CV-609, against Defendants, Veronica L. Edwin and Link A. Edwin, alleging causes of action for debt and foreclosure of real property mortgage. First Amended Complaint (ECF No. 1-2). The Complaint also named the Government of the Virgin Islands

and the United States of America as defendants because each, individually, claimed interest in the subject property by virtue of tax liens. On October 25, 2016, the complaint was removed to the United States District Court. (ECF No. 1). On June 2, 2017, U.S. Postal Service Federal Credit Union filed a Motion for Summary Judgment. (ECF No. 15).

In January, 2018, the court issued a Memorandum Opinion, (ECF No. 29), and a Judgment and Order, (ECF No. 28), granting U.S. Postal Service Federal Credit Union's Motion for Summary Judgment against the Defendants. The Judgment provided, *inter alia*, that U.S. Postal Service Federal Credit Union could "seek an award of reasonable attorney's fees and costs to be determined upon appropriate application filed with the Court at any time prior to entry of an Order confirming the sale of the Property." (ECF No. 28) at 2. On February 1, 2018, the Credit Union filed a motion seeking an award of attorney fees and costs. (ECF No. 30).

II.     **PLAINTIFF'S DECLARATION**

Attached to Plaintiff's Motion is a Declaration of Counsel Regarding Costs and Fees made by Warren B. Cole, Esq. (ECF No. 30-1). In the Declaration, Attorney Cole states that he and Attorney Elise Catera worked on this matter; that Attorney Cole's hourly billing rate was $325.00 per hour and Attorney Catera's rate was $250.00 per hour; and together Attorneys Cole and Catera billed a total of 29.6 hours, charged $9,252.50 in attorney fees, and incurred $315.00 in costs, for a total amount of $9,567.50 in attorney fees and costs. (ECF No. 30-1) at 1.

Attorney Cole also attached the billing record for this matter, titled Posting Register: Services, from August 16, 2016 through January 31, 2018. The billing record, in line-item

format, includes the date the service was rendered, a brief description of the service or services, who performed the service (the "timekeeper"), the amount billed, and the amount of time expended. *Id*. at 3-4.

### III. GUIDING LAWS AND PROCESS

Under the terms of the Mortgage, the Credit Union is "entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph . . . , including, but not limited to, reasonable attorneys' fees and costs of court." (ECF No. 15-2 at 12 ¶ 21). The Mortgage also provides that it is "governed by federal law and the law of the jurisdiction in which the Property is located." *Id*. at 11 ¶ 15.

As the foreclosed property is located in the Virgin Islands, the Court is guided by the body of case law interpreting 5 V.I.C. § 541(b)[1] in assessing what attorney fees may be "reasonable." *Flagstar Bank, FSB v. Rivers*, 2014 U.S. Dist. LEXIS 34800 at *10 (D.V.I. Mar. 18, 2014) (quoting *Flagstar Bank, FSB v. Stridiron,* 2013 U.S. Dist. LEXIS 156072 at *19 (D.V.I. Oct. 31, 2013)).

'"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, 2016 U.S. Dist. LEXIS 152128 at *26 (D.V.I. Oct. 31, 2016)(quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 U.S. Dist. LEXIS 9359 at *4 (D.V.I. Feb. 6, 2008) (citing cases)).

---

[1] In pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties. . . ." 5 V.I.C. § 541(b).

"The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees." *Day v. White*, 2017 U.S. Dist. LEXIS 90135 at *52 (D.V.I. June 12, 2017). First, the Court examines the billing record and, comparing the hours expended and amount billed to those expended and billed in similar actions, decides whether the hours were "reasonably expended" and disallows time that was "'excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Berne Corp. v. Gov't of Virgin Islands*, 2012 U.S. Dist. LEXIS 13128 at *28 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court decides whether the hourly rates charged by the attorneys were reasonable "in comparison to prevailing market rates in the relevant community 'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Flagstar Bank, FSB v. Lyles*, 2017 U.S. Dist. LEXIS 36199 at *14 (D.V.I. March 14, 2017) (citing *United States v. Woods*, 2016 U.S. Dist. LEXIS 152128 at *26 (D.V.I. October 31, 2016) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

IV.     **ANAYLSIS: ATTORNEY FEES**

U.S. Postal Service Federal Credit Union seeks $9,252.50 in attorney fees as compensation for 29.6 hours of work billed in this matter. Recent attorney fees awards by the District Court in summary judgment foreclosure proceedings include:

*Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*: $13,766.06 in a case that "involved numerous loan documents and mortgages on two properties, and that two Defendants, . . . , answered the Complaint." 2017 U.S. Dist. LEXIS 65579 at *13 (D.V.I. May 1, 2017).

*Flagstar Bank, FSB v. Lyles*: $3,275.00 for work that included "several status conferences . . . time discussing possible loss mitigation and a short sale . . . filing by Plaintiff of a motion for summary judgment." 2017 U.S. Dist. LEXIS 36199 at *15 (D.V.I. March 14, 2017).

*Bank of Nova Scotia v. Christian*: $5,913.20 for a "run-of-the-mill debt and foreclosure claim" disposed of at the summary judgment stage, litigating "relatively commonplace" issues. 2015 U.S. Dist. LEXIS 99325 at *21 (D.V.I. July 30, 2015).

*Bank of Nova Scotia v. Ross*: $11,160.80 in a case in which the defendant "resisted the Bank's efforts to foreclose on the property by interposing counterclaims and opposing the Motion for Summary Judgment . . . , and the Bank started preparing for trial. . . ." 2014 U.S. Dist. LEXIS 135848 at *20 (D.V.I. September 26, 2014).

*Bank of Nova Scotia v. Abdallah*: $7,755.88 where the "Complaint was [ ] four pages . . . ; the requests for entry of default were just over one page each, accompanied by a one-page affidavit and short draft order; . . . memorandum in support of the motion for summary and default judgment was five pages, the statement of undisputed facts was just over three pages, [ ] the reply was four pages." 2013 U.S. Dist. LEXIS 62968 at *19 (D.V.I. May 2, 2013).

In view of the foregoing, the Court finds that the amount billed and hours expended for the services rendered in this case are somewhat higher than comparable cases. While this case was relatively routine, the Court notes that the addition of two defendants (USA and USVI), the removal to federal court by Defendant United States of America, and the time expended in efforts to negotiate a settlement with Defendants Veronica and Edwin

Link account for some of the disparity in relation to "run-of-the-mill" debt and foreclosure cases. *See FirstBank Puerto Rico v. Caribbean Island Adventure, Inc.*, 2008 U.S. Dist. LEXIS 22947 at n.4 (D.V.I. March 20, 2008). Nonetheless, the billing record also reflects time that the Court finds excessive. Specifically,

1.) Time spent prior to the communication from the U.S. Attorney's Office regarding removal to District Court. (August 16, 2016-September 30, 2016.)[2]

2.) Time (7.4 hours) billed for drafting a routine motion for summary judgment.

3.) Time (1.5 hours) billed for amending a four page complaint, the addition to which was tax lien information.

4.) The nearly $3000.00 billed for emails. Many of these line items contain no information that explains the disparity in the amounts charged. For example, the description "Emails Attorney [ ] and client" is billed at $65.00, $130.00, and $292.50. Some of the charges with the "email" descriptor are bundled with other services, for example, "Revision to Declaration; emails client," making it impossible to determine how much of the time was dedicated to revising the declaration and how much time was spent sending the email.

The court will therefore subtract the $1,550.00 in fees billed from August 16, 2016-September 30, 2016 as this time reflects hours billed while the case was pending before the Superior Court. *See United States v. Woods*, 2016 U.S. Dist. LEXIS 152128 (disallowing fees that appeared to be for time spent pursuing foreclosure in Superior Court). The court will

---

[2] The notice of removal was not filed with the District Court until October 25, 2016, however, the Court recognizes that there was some work related to the removal that occurred before the actual filing.

also reduce the $2,457.50 billed for the motion for summary judgment and amended complaint by $585.00, representing the time spent in "Preparation of Motion for Summary Judgment," (ECF No. 30-1 at 4), which was billed after the motion was drafted by Attorney Catera and had been reviewed by Attorney Cole. Finally, regarding the emails. In cases in which it was difficult to discern "precisely the time expended on a particular task" and establish the relationship of a task to "the attorney's fees requested" courts have reduced fees by a percentage. *See Bank of Nova Scotia v. Ross*, 2014 U.S. Dist. LEXIS 135848 at *25 (September 26, 2014) (reducing attorney fees by sixty percent).[3] With these cases in mind, and also recognizing that work-flows are effectuated electronically, the court will reduce the amount charged for all time with the descriptor "email" from October 3, 2016 to January 31, 2018 by twenty percent. Hence, the $2795.00 billed in relation to emails will be reduced by $559.00.

    In sum, Plaintiff requested $9252.50 in attorney fees. The Court will subtract the $1,550.00 in fees that represents billing from August 16, 2016-September 30, 2016, the $585.00 spent in "Preparation of Motion for Summary Judgment," and $559.00 in email expenditures, and award attorney fees in the amount of $6,558.50.

---

[3] *Bank of Nova Scotia v. Ross* also cites "*Lucerne Inv. Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1208, 7 V.I. 242 (3d Cir. 1969) (allowing 7.5%, or $2,000, of the $27,000 in requested attorney's fees in mortgage foreclosure case); *Caribbean Island Adventure*, 2008 U.S. Dist. LEXIS 22947 at *6, [WL], at *2 (allowing 6%, or $1,034.26 of $16,861.16 in requested attorney's fees and costs in debt and foreclosure case); *Staples*, 2008 U.S. Dist. LEXIS 90806 at *5, [WL], at *2 (allowing 21%, or $2,000, of the $9,511 in requested attorney's fees and costs)." *Bank of Nova Scotia* at *25-26.

## V.     ANAYLSIS: HOURLY RATE

Virgin Islands courts systematically rely on *Anthony on Behalf of Lewis v. Abbott* to gage the reasonableness of hourly rates finding that "a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." 2012 U.S. Dist. LEXIS 94323 at *7 (D.V.I. July 9, 2012) (citing cases). The Court acknowledges that *Anthony* was decided in 2012 and also that the $300.00 rate, for a senior attorney practicing law in the Virgin Islands, was applied as early as 2004.[4] Therefore, the Court conducted further inquiry to determine whether in 2017, $325.00 for a senior attorney experienced in the practice of law in this jurisdiction falls within the range of rates for such services.[5] As a result of that inquiry, the Court finds that as a senior attorney with nearly forty years of experience in the practice of law, Attorney Cole's rate of $325.00 is reasonable and, that as an associate attorney with approximately eight years of experience in the practice of law, Attorney Catera's rate of $250.00 per hour is reasonable.[6]

---

[4] *See Equivest St. Thomas, Inc. v. Gov't of the Virgin Islands*, 46 V.I. 447, 461-62 (D.V.I. 2004) (opining that a rate of $300 per hour for a senior partner was "above average for this jurisdiction" and providing no foundation for that conclusion).

[5] Noting that in the absence of sufficient evidence presented by the party seeking attorney fees, the Court may exercise its discretion and fix a reasonable hourly rate. *Loughner v. The Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Charley v. STX Rx, Inc.*, 2011 U.S. Dist LEXIS 101500 at *4-5 (D.V.I. Sept. 8, 2011).

[6] In determining reasonableness of rates, the Court considered, inter alia: Consumer Price Index Data, https://www.bls.gov/data/. Accessed February 7, 2018. "2015 Law Firms in Transition," http://www.altmanweil.com/dir_docs/resource/1c789ef2-5cff-463a-863a-2248d23882a7_document.pdf. Accessed February 8, 2018. The 2015-2016 "United States Consumer Law Attorney Fee Survey Report," https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf. Accessed February 15, 2018. "Results of the 2016 Economics and Law Office Management Survey," https://webprod.floridabar.org/wp-content/uploads/2017/04/tfb-2016-economics-survey-report.pdf. Accessed February 15, 2018.

## VI. ANAYLSIS: COSTS AND EXPENSES

Virgin Islands courts have found that reimbursement for expenses related to service of process and filing is objectively reasonable. *See Equivest St. Thomas, Inc. v. Gov't of Virgin Islands*, 46 V.I. 447, 2004 U.S. Dist. LEXIS 26256 at *33 (D.V.I. Dec. 31, 2004) (finding that filing fees, process service fees, transcript purchase fees, witness fees, and travel expenses are "reasonable expenses which are normally charged paying clients."). The Court will therefore award reimbursement in the amount of $315.00, the amount that Plaintiff paid for filing and service process fees.

## VII. CONCLUSION

For the reasons discussed above, the Court will grant in part and deny in part U.S. Postal Service Federal Credit Union's Plaintiff's Motion for Award of Costs and Fees. (ECF No. 30).

The Court will award $6,558.50 in attorney fees and $315.00 in expenses from October 3, 2016 through January 31, 2018, totaling $6,873.50.

An appropriate Order accompanies this Memorandum Opinion.

ENTER:

Dated: February 27, 2018             /s/ George W. Cannon, Jr.
                                                                 GEORGE W. CANNON, JR.
                                                                MAGISTRATE JUDGE