# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| U.S. POSTAL SERVICE<br>FEDERAL CREDIT UNION<br><br>                Plaintiff,<br><br>      v.<br><br>VERONICA L. EDWIN, LINK A. EDWIN,<br>GOVERNMENT OF THE VIRGIN ISLANDS,<br>and THE UNITED STATES OF AMERICA,<br><br>                Defendants. | 1:16-cv-00071 |

Attorneys:
    Warren B. Cole, Esq.
    Yohana M. Manning, Esq.
    Erika M. Scott, Esq.
    Angela Tyson-Floyd, Esq., AUSA

## MEMORANDUM OPINION

**Cannon, Magistrate Judge**

THIS MATTER is before the Court on Defendant United States of America's Motion for Reconsideration (ECF No. 32) in which Defendant requests that the court correct and amend the Judgment and Order (ECF No. 28), entered January 31, 2018, to recognize the United States of America as a third priority lienholder and distribute any foreclosure sale surplus pursuant to 28 V.I.C. § 533.

### I. BACKGROUND

On October 5, 2016, the U.S. Postal Service Federal Credit Union filed a Complaint in Superior Court, SX-16-CV-609, against Defendants, the Edwins, alleging causes of action for debt and foreclosure of real property mortgage. (ECF No. 1-2). The Complaint named the

Government of the Virgin Islands and the United States of America as defendants because each, individually, claims interest in the subject property by virtue of tax liens. On October 25, 2016 the Complaint was removed to the United States District Court. (ECF No. 1)

The United States of America answered the Complaint on November 2, 2016, the Edwins answered on November 14, 2016, and the Government of the Virgin Islands answered on December 6, 2016. (ECF Nos. 3-4, 8). A Scheduling Order was docketed on January 20, 2017 and the parties were ordered to complete Mediation on or before June 1, 2017. (ECF No. 11).

On June 2, 2017, U.S. Postal Service Federal Credit Union filed a Motion for Summary Judgment (the "Motion") (ECF No. 15). On August 8, 2017, the United States of America filed a response to the Motion asking the court to determine the priority of liens and stating that upon documentary evidence, the United States believes it holds a third priority lien on the subject property. (ECF No. 18).

On December 27, 2017, Plaintiff filed a Request for Ruling on the June 2, 2017 Motion for Summary Judgment (ECF No. 15).

On January 31, 2018, the Court entered a Memorandum Opinion (ECF No. 29) and Judgment and Order (ECF No. 28) granting U.S. Postal Service Federal Credit Union's Motion for Summary Judgment (ECF No. 15).

On February 5, 2018, Defendant United States of America filed a Motion for Reconsideration (ECF No. 32) requesting that the Court distribute any foreclosure sale surplus to the United States, the third priority lien holder, pursuant to 28 V.I.C. § 533. On February 8, 2018, Plaintiff U.S. Postal Service Federal Credit Union filed a response

indicating that Plaintiff did not oppose Defendant's motion. (ECF No. 35). Defendants Veronica L. Edwin, Link Edwin, and Government of the Virgin Islands have not filed a response, despite the Court's Order (ECF No. 34) entered on February 6, 2018, directing them to file a response by February 20, 2018.

## II.  MOTION TO CORRECT JUDGMENT

Federal Rule of Civil Procedure 60(a) ("Rule 60(a)") allows for courts to provide parties with relief from judgments that are incorrect due to clerical errors:

> [c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Fed. R. Civ. P. 60(a). The rule "encompasses only errors mechanical in nature, apparent on the record, and not involving a substantive error in judgment." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005). The error must be as a result of inadvertence as opposed to a mistake in the exercise of judgment. *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 341 (7th Cir. 2004).

## III. ANALYSIS

While the Court's Judgment in this matter acknowledges the tax liens and their priority compared to Plaintiff's mortgage lien, the judgment fails to provide for payment to the junior lien holders out of any surplus proceeds from the sale of the property after payment of Plaintiff's debt, costs, and fees, pursuant to Title 28, Virgin Islands Code Annotated, Section 533. The Court acknowledges that it erred in failing to include language in the judgment that allows the junior lienholders to share in any surplus in order of priority under 28 V.I.C. § 533 and avers that the error was a result of inadvertence.

Therefore, Defendant United States of America's Motion, requesting that the Court reconsider its disposition of the foreclosure sale surplus to correct the clear error of law and to prevent a manifest injustice to the IRS, must be granted. Accordingly, Defendant's Motion for Reconsideration (ECF No. 32) will be granted.

Wherefore, it is hereby

**ORDERED**, that the Defendant United States of America's (Internal Revenue Service) Motion for Reconsideration (ECF No. 32) is **GRANTED.**

An Amended Judgment and Order accompanies this Memorandum Opinion.

ENTER:

Dated: February 27, 2018            /s/ George W. Cannon, Jr.
                                    GEORGE W. CANNON, JR.
                                    MAGISTRATE JUDGE